JACINTO ARMENTO v. THE STATE.

*No. 512.    Decided October 17.*

**Recognizance on Appeal—Sufficiency of.**—Where a case is appealed from a Justice to the County Court, and the appeal is dismissed in the latter court, it is essential to the validity of the recognizance, on appeal to this court, that it should recite that the case was dismissed in the County Court, and it is fatally defective if, instead, it recites a conviction.

APPEAL from the County Court of El Paso. Tried below before Hon. FRANK E. HUNTER, County Judge.

Appellant was convicted in a Justice Court under a complaint charging him with an affray, and fined $5. He appealed to the County Court. A motion was made by the county attorney to dismiss his appeal: first, because defendant failed to make and file his motion for new trial in the lower court in the time prescribed by law; second, because the appeal bond misdescribes the judgment of the Justice Court. This motion was sustained, and the appeal to the County Court was

dismissed. Notice of appeal was given to the Court of Criminal Appeals, and defendant entered into his recognizance to perfect this appeal. In stating the case the recognizance, instead of reciting that the appeal had been dismissed, recited that appellant had been convicted in the County Court.

*Leigh Clark*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—On motion of the prosecution the appeal in this case from the Justice Court was dismissed in the County Court. The recognizance for appeal to this court recites that appellant was convicted in the County Court. It should have recited the dismissal of his appeal. There are two grounds in this character of case which can attach the jurisdiction of the court on appeal: first, where the fine imposed in the County Court shall exceed $100 exclusive of cost; second, where the appeal from the Justice Court to the County Court has been dismissed in the latter court. These grounds are entirely distinct from each other. The recognizance, to be valid, must recite one of said grounds, and it must set forth the true one, as manifested by the record. The recognizance recites a conviction in the County Court, whereas in truth and in fact the record shows a dismissal of the appeal in the said court.

The appeal is dismissed.

*Dismissed.*

Judges all present and concurring.